# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT W. DURHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00907 |
| ) | Judge Campbell / Knowles |
| **CITY OF CLARKSVILLE,** ) | |
| **TENNESSEE,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted. Docket No. 7. Defendant has contemporaneously filed a supporting Memorandum of Law (Docket No. 8), and the Declaration of Lance A. Baker (Docket No. 7-1).

Plaintiff, who is proceeding pro se, but not in forma pauperis, has filed a Response in Opposition to the instant Motion. Docket No. 10. Defendant has filed a Reply. Docket No. 13.

Plaintiff filed this pro se action alleging that Defendant discriminated against him in violation of "Section 107(a) of the Americans with Disability [*sic*] Act as Amended and the Family Medical Leave Act." Docket Nos. 1, 16-1 (Complaint and Amended Complaint). Specifically, Plaintiff avers that he is a qualified individual with a disability within the meaning of the ADA, or was perceived by Defendant as such, who, with reasonable accommodation, could have performed the essential functions of his former position. *Id.* Plaintiff argues that his

disabilities prevent him from enjoying one or more major life activities, and he contends that Defendant discriminated and retaliated against him during his employment based on his disability or perceived disability, and/or for requesting leave pursuant to the FMLA. *Id.* Plaintiff seeks "appropriate back pay with interest, front pay, insurance premiums and medical costs, with pre-judgment interest, in amounts to be proven at trial, and other affirmative relief [as] necessary." *Id.* Plaintiff also seeks injunctive relief, as well as compensatory and punitive damages, "reasonable attorney's fees," "litigation expenses and costs," and such "further legal or equitable relief to which he may be entitled" and as the "Court deems just and proper." *Id.*

Plaintiff filed two Charges of Discrimination with the EEOC (Nos. 846-2010-79894 and 494-2011-01793), and has received his Notice of Right to Sue letter. *Id.*

Defendant filed the instant Motion to Dismiss and supporting Memorandum of Law arguing that it has not been properly served, and also arguing that Plaintiff has failed to state a claim upon which relief can be granted. Docket Nos. 7-8. With regard to its threshold argument that it has not been properly served, Defendant states in part as follows:

> . . . On September 9, 2013, Plaintiff filed the instant Complaint. (ECF No. 1.) On September 10, 2013, this Court issued a summons to Plaintiff to serve upon Defendant. (ECF No. 2.) On September 13, 2013, Plaintiff attempted to serve Defendant via certified mail. (Declaration of Lance A. Baker ¶ 3)(attached as **Exhibit A** to Motion).
>
> Plaintiff's attempt at service failed, however, because the return receipt was signed by a person not authorized to accept service under the Federal or Tennessee Rules of Civil Procedure.

Docket No. 8, p. 3-4 (bold in original; footnote omitted).

With regard to the service of process issue, Plaintiff, in his Response in Opposition to the instant Motion argues:

2

> Defendant alleges that Plaintiff has not properly served defendant with process under the Federal and Tennessee Rules of Civil Procedure. Plaintiff is within the scope of FRCP 4(ii)(2) to serve a municipality via certified return receive mail. Plaintiff clearly and legibly addressed the correspondence to Mayor Kim McMillan, the Defendant's Chief Executive. Further, Plaintiff asserts that it is common practice of the Defendant to have its employed receptionist accept and sign for certified mail on behalf of the Chief Executive. Said employed receptionist did sign for the correspondence and a signed return receipt was furnished to the court.
>
> . . .
>
> . . . If Defendant's employed receptionist acted outside of her authority it should not prejudice the Plaintiff who did act within the guidelines of FRCP 4 . . .
>
> . . .
>
> Plaintiff has acted within the requirements of both FRCP and TRCP in bringing his suit. Defendant has attempted to avoid suit by, in essence, refusing service of the summons and complaint. In reviewing the Defendant's cited cases, it is apparent that at the very least Plaintiff should be allowed to effect service again.

Docket No. 10.

Defendant in its Reply responds:

> Plaintiff attempted to serve Defendant via certified mail. This attempt failed, however, because the return receipt was signed by a person not authorized to accept service under the Federal or Tennessee Rules of Civil Procedure. To serve process via certified mail, the return receipt must be signed "<u>by the defendant, or by a person designated by Rule 4.04 or by statute.</u>" This requirement is not optional; rather, it is "mandatory" and must be "strictly enforced."
>
> . . .
>
> . . . Plaintiff makes an unsworn assertion that it is "common practice of the Defendant to have its employed receptionist accept and sign for certified mail on behalf of the Chief Executive." Even if Plaintiff's bald assertion was true, it is well established that simply because an agent has authority to sign for certified mail

3

> does not mean the agent has authority to accept service of process.
>
> Importantly, federal courts require "evidence that the defendant intended to confer upon its agent the <u>specific authority</u> to receive and accept service of process for the defendant." Defendant has submitted specific evidence showing the receptionist *did not* have the authority to accept service of process on Defendant's behalf. Plaintiff has offered no evidence to the contrary.

Docket No. 13 (underlining and italics in original; internal citations omitted).

Service of process upon a municipality is governed by Fed. R. Civ. P. 4(j)(2), which states in relevant part:

> (j) Serving a Foreign, State, or Local Government.
>
> . . .
>
> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

It is readily apparent that Defendant has not been properly served under Fed. R. Civ. P. 4(j)(2)(A). The Chief Executive Officer of Defendant is Kim McMillan, the Mayor of Clarksville. Plaintiff does not argue that he has appropriately served the Mayor. Thus, Plaintiff must show that he has properly served the City of Clarksville under Rule 4(j)(2)(B), by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." There is a specific provision of the Tennessee Rules of Civil Procedure that governs service of process upon a municipality. Under Tenn. R.

4

Civ. P. 4.04(8), service may be made "[u]pon a municipality, by delivering a copy of the summons and of the complaint to the Chief Executive Officer thereof, or to the City Attorney." As discussed above, Plaintiff did not serve the Chief Executive Officer. He also did not serve the City Attorney. Thus, Plaintiff did not properly serve the City of Clarksville pursuant to Tenn. R. Civ. P. 4.04(8).

Two other "general" provisions of the Tennessee Rules of Civil Procedure, however, are also relevant. Tenn. R. Civ. P. 4.04(10) provides:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney, or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof, and a copy of the filed complaint to the plaintiff, the plaintiff's attorney, or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mailed to the defendant. If the defendant to be served is an individual or an entity covered by subparagraph . . . (8) . . . of this rule, the return receipt mail shall be addressed to an individual specified in the applicable subparagraph. The original summons shall be used for return of service of process pursuant to Rule 4.03(2). Service by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute. If service by mail is unsuccessful, it may be tried again or other methods authorized by these rules or by statute may be used.

Tenn. R. Civ. P. 4.03 provides:

> Summons; Return. -
>
> (1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been

5

> returned unserved or if any prior summons has not been served within 90 days of issuance.
>
> (2) When process is served by mail, the original summons, endorsed as below; and affidavit of the person making service setting forth person's compliance of this rule; and the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by person [*sic*] designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.

It appears that Plaintiff did comply with Rule 4.04(10). He did not, however, comply with most of the provisions of Rule 4.03. He did not promptly make proof of service to the Court. He did not identify the person served or describe the manner of service. Summons was not served within 90 days after its issuance, yet it was not returned stating the reasons for failure to so serve. Plaintiff did not send to the Clerk the following materials to be filed: the original summons; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; or the return receipt. Moreover, the return receipt was not signed by "the defendant, or by [a] person designated by Rule 4.04 or by statute . . . ."

As the Sixth Circuit has stated, "The 'requirement of proper service of process is not some mindless technicality.'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (citation omitted). "[P]roper service is based on constitutional due process and is necessary for a federal court to obtain and exercise personal jurisdiction over a defendant." *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). Additionally, the Tennessee Supreme Court has stated, "The language of Rule 4.03 'sets forth a mandatory requirement rather than a

6

discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.'" *Hall v. Haynes,* 319 S.W.3d 564, 577 (Tenn. 2010)(citation omitted).

Defendant argues that Plaintiff's attempt at service failed because the return receipt was signed by a person not "authorized" to accept service under the Federal Rules or the Tennessee Rules. Docket No. 8, p. 3-4. As discussed above, Defendant asserts that the receptionist who signed the return receipt did not have the "authority" to accept service of process on its behalf. Docket No. 13. In support of that assertion, Defendant has submitted the sworn Declaration of Lance A. Baker, which states in relevant part as follows:

> 2. I am the city attorney for the City of Clarksville. Mayor Kim McMillan is the mayor of Clarksville.
>
> 3. On September 13, 2013, the Plaintiff, Robert W. Durham, attempted to serve the City of Clarksville with process for this lawsuit via certified mail.
>
> 4. A receptionist employed by the City of Clarksville signed the return receipt. This receptionist who signed the return receipt did not and does not have authority to accept service of process on behalf of the City of Clarksville.

Docket No. 7-1.

The concept of appropriate authority, however, is discussed in Tenn. R. Civ. P. 4.04(1) and 4.04(4), which relate to service of process upon individuals and domestic corporations or foreign corporations doing business in Tennessee. Those Rules provide in part for service upon such an entity by delivering copies to any other "agent authorized by appointment or by law to receive service on behalf of the" entity. That Rule does not apply to service of process upon a municipality, which can only be properly completed as discussed above. In other words, it is essentially irrelevant that the receptionist who signed the return receipt did not have "authority"

7

to do so. Rather, the points are that: copies were not delivered to the Chief Executive Officer or the City Attorney of Clarksville; Plaintiff did not comply with the above-referenced provisions of Tenn. R. Civ. P. 4.03; and the receptionist who signed the return receipt was not the Defendant or a person "designated by Rule 4.04 or by statute . . . ."

Moreover, Fed. R. Civ. P. 4(m) generally requires a plaintiff to serve a defendant within 120 days from the filing of the Complaint. The Complaint in this action was filed on September 9, 2013. Docket No. 1. Approximately 30 days thereafter, Defendant filed the instant Motion, in part raising the argument that it had not been properly served. Docket No. 7. Instead of taking proper steps to serve Defendant, Plaintiff filed a Response arguing that he had properly served Defendant, when he clearly had not. Had he taken appropriate steps to properly serve Defendant, he could easily have done so within 120 days from the filing of the Complaint.

Accordingly, Defendant has not been properly served, and the undersigned recommends that instant Motion to Dismiss (Docket No. 7) should be GRANTED WITHOUT PREJUDICE. In view of this recommendation, the undersigned need not address Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

---

[1] The Court notes that Plaintiff has filed a "Motion for Leave to Amend Complaint," which is pending before the undersigned. Docket No. 16. The resolution of that Motion, however, has no impact upon the instant Report and Recommendation, which addresses solely issues of service of process.

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge