# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ROBERT W. DURHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:13-0907 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| CITY OF CLARKSVILLE, | ) |
| TENNESSEE, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss Amended Complaint." Docket No. 32. The Motion was filed July 21, 2014. *Id*.

As of the date of the entry of the instant Order, Plaintiff has not filed a Response to the Motion, although on July 17, 2014, Plaintiff filed a document headed "Motion for Court to Accept Service." Docket No. 31. That document is not a response to the instant Motion, because it was filed before the instant Motion, but that document apparently is a recognition by Plaintiff that he failed to comply with an earlier Court Order, as well as an explanation for that failure. Thus, the Court will consider the averments and arguments set forth in Plaintiff's Motion.

On May 1, 2014, the undersigned submitted a Report and Recommendation recommending that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Docket No. 19. The pro se Plaintiff thereafter filed

an "Opposition to Recommendation to Dismiss."[1] Docket No. 22. Judge Campbell entered an Order rejecting the Report and Recommendation in light of the objections of Plaintiff, and referring the matter back to the undersigned "to rule on the pending Motion to Amend Complaint and to allow another opportunity for Plaintiff to make proper service of process of the original Complaint or the Amended Complaint (if allowed) upon Defendant." Docket No. 23. Judge Campbell's Order also stated in relevant part:

> Plaintiff is forewarned that if proper service of process is not made within whatever time frame is set by the Magistrate Judge, this action may be dismissed for failure to obtain proper service. Defendant's Motion to Dismiss (Docket No. 7) is denied without prejudice to being re-filed if appropriate.

*Id*.

After the entry of Judge Campbell's Order, the undersigned entered an Order granting Plaintiff's Motion to Amend his Complaint. Docket No. 25. In that Order, which was entered May 28, 2014, the undersigned stated:

> Defendant is correct, however, that the "Motion to Amend Complaint" (Docket No. 16-1) is not, in and of itself, an Amended Complaint, nor is the "Summation" section of that document. Moreover, in that document, Plaintiff requests that "the foregoing amendments be added to his Complaint . . . ." The Court believes that Defendant should have proper notice of Plaintiff's claims in a single document, rather than having to mesh the original Complaint with an Amended Complaint.
>
> Therefore, Plaintiff shall file a separate Amended Complaint containing his allegations and claims against Defendant. That Complaint shall be complete in and of itself, and shall not incorporate other documents by reference. Plaintiff shall file his Amended Complaint on or before June 16, 2014.

---

[1] While Plaintiff is proceeding pro se, he is not proceeding in forma pauperis.

> Pursuant to Judge Campbell's Order (Docket No. 23), Plaintiff will
> be allowed another opportunity to make proper service of the
> Amended Complaint upon Defendant. Plaintiff shall effect proper
> service of the Amended Complaint upon Defendant on or before
> July 7, 2014.

*Id.*, p. 2.

Plaintiff timely filed his Amended Complaint on June 16, 2014. Docket No. 29. The record reflects that, on July 9, 2014, 2 days after the date set by the undersigned for serving Defendant with the Amended Complaint, a Summons was issued for Defendant. Docket No. 30.

On July 21, 2014, Defendant filed the instant Motion. Docket No. 32. The Motion states in part that Plaintiff waited until July 14, 2014, to attempt to serve Defendant. Additionally, Defendant argues that Plaintiff's purported service was improper because Plaintiff himself served process upon Defendant, in violation of Fed. R. Civ. P. 4(c)(2).[2]

As discussed above, Plaintiff filed an explanation for his failure to comply with the Court's earlier Order, which is headed "Motion for Court to Accept Service." Docket No. 31. Plaintiff states that he timely filed his Amended Complaint, that he is not a trained attorney, and that he acted in good faith in his belief that he needed to receive a certified copy of the Amended Complaint from the Court in order to effect service. *Id.*, p. 1. He apparently based that belief on "prior experience." He states that he waited a "reasonable amount of time" to receive "the documents" (presumably the certified copy of the Amended Complaint), then he "contacted the clerk's office and inquired." *Id.* He states that he was told that he needed to have only a copy of the complaint showing the proper filing date, not a certified copy. He states, "Plaintiff had not

---

[2] Fed. R. Civ. P. 4(c)(2) provides: "Any person who is at least 18 years old and not a party may serve a Summons and Complaint."

received instruction from the Court nor was it mentioned in the Pro Se package provided to Plaintiff that he had to provide a new summons when filing his amended complaint." *Id.* Instead, Plaintiff again relied on his prior experience.

Plaintiff next argues that the Court "provided only 21 days from the date of filing to the date of service" and that he was "unduly hampered by this time frame due to multiple factors." *Id.*, p. 2. Plaintiff then claims that he somehow had only 3 days to effect service.

Plaintiff states in part:

> To deny this service based upon Plaintiff's good faith attempts to be courteous and respectful of the court, albeit from his ignorance of procedure, would in actuality be a disservice to the Plaintiff. As Plaintiff is taking on this monumental task completely unguided he feels that it is not unreasonable to ask for minor consideration of situation. As such he feels that it is only appropriate that his service of the amended complaint be allowed. To dismiss the suit because of severe employment and financial restrictions borne by Plaintiff is an unfair burden upon a layman who is taking on a municipality and an entire legal firm on his own.
> . . .
>
> Plaintiff has acted reasonably in regard to the requirements of the Court as he understood them in filing and serving his amended complaint. Plaintiff acted in good faith and with limited knowledge in making his attempted service. Plaintiff did believe that he had to await receipt of documents from the Court to proceed with such an attempt. Plaintiff did not have full knowledge of the requirements and corrected his shortcomings in a timely manner.
>
> Had the court informed Plaintiff at the time of his filing that he needed to provide a prewritten summons for service he would have done so and gone forward with service more efficiently. Plaintiff was not informed of the circumstances until he inquired and so was even more limited in his service attempt. This is again restricting Plaintiff for his lack of knowledge of the system. Plaintiff respectfully requests that the Honorable Court accept his personal service of the amended complaint as adequate and proper. To do otherwise is an unfair sanction against the Plaintiff for not being a

4

practicing attorney with an intimate knowledge of the legal system.

*Id.*, p. 2-3.

Plaintiff's arguments are unconvincing. Plaintiff's argument that the Court "provided only 21 days from the date of filing to the date of service" is simply wrong. The undersigned's Order was entered May 28, 2014. That Order set a deadline for Plaintiff to file his Amended Complaint of June 16, 2014, and a deadline for actually serving the Amended Complaint of July 7, 2014. Thus, Plaintiff had 41 days from the entry of the undersigned's Order to the deadline for serving Defendant. He apparently calculates 21 days by measuring from the deadline for filing the Amended Complaint (June 16) to the deadline for service. The Order, however, plainly did not require Plaintiff to wait until June 16 to file his Amended Complaint.

Plaintiff further complains that he was not informed of certain circumstances and that, had "the Court informed" him of certain requirements, he would have fulfilled those requirements. The Court, however, cannot "help" either side in a lawsuit, even if a plaintiff is proceeding pro se. As the Sixth Circuit has recognized, pro se Plaintiffs must comply with the Federal Rules of Civil Procedure. *See Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (no persuasive reason why a pro se plaintiff should be accorded special consideration under the circumstances, where plaintiff failed to adhere to readily comprehended court deadlines of which he was well-aware); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (court adopts rule that no special treatment was to be afforded ordinary non-prisoner civil litigants who proceed pro se); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases in which courts have required pro se parties to comply with basic pleading requirements).

In *McNeil v. United States,* 508 U.S. 106, 113 (1993), the Court stated:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of the law. *See also Brock v. Hendershott*, 840 F.2d 339 at 343 ("The application of the law must be equal, even for those who have no attorney.")

The United States Supreme Court has also stated:

> District judges have no obligation to act as counsel or paralegal to *pro se* litigants. In *McKaskle v. Wiggins* . . . the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." . . . Requiring a district court to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decision-makers.

*Pliler v. Ford*, 542 U.S. 225, 231 (2004) (citations omitted).

In the case at bar, Plaintiff did not comply with the Court's Order to effect proper service of the Amended Complaint on Defendant on or before July 7, 2014. As discussed above, and as is clear from the record, Plaintiff did not attempt to serve Defendant until July 14, 2014, but that service was insufficient because he served process himself, which is a violation of Fed. R. Civ. P. 4(c)(2).

For the foregoing reasons, the instant Motion (Docket No. 32) should be GRANTED, and this action should be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any

response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge